## Mary Morris et al. v. Wm. D. Payne et al.
## Shannon & Skillman v. Same.

**Deeds—Contingent Remainder.**

> Where a wife conveyed her land to B. for the stated consideration of $2,000, and B. for the same recited consideration conveyed the land to the wife's husband for life, with remainder to her son and daughter, with the condition that if said son and daughter should die without heirs prior to the death of their father, then the estate should go to P.'s, the wife's children by her former husband, the estate did not pass to P.'s, the daughter of the wife by the second husband having died leaving her father as her heir, and the father having died leaving his son as heir.

### APPEAL FROM BOURBON CIRCUIT COURT.

April 15, 1874.

Opinion by Judge Peters:

David Bowles, formerly of Bourbon county, devised to his wife 227 3-4 acres of land, with remainder to his son, Thomas, and his daughter, Elizabeth Bowles. He also devised to his said son and daughter, another tract of 97 acres, both tracts being situated in Bourbon county. By a partition of these lands, Elizabeth got 130

acres set apart to her by distinct metes and bounds, which she held in her own right until February 17, 1830.

She first married a man by the name of John Payne, by whom she had four children. Payne died, and some time thereafter, she married John Morris. On February 17, 1830, she united with said Morris, her husband, in the conveyance of said land to Albert Morris for the recited consideration of $2,000, acknowledged to have been paid; and on the same day, Albert Morris, in consideration of the like sum of $2,000 acknowledged to have been paid, conveyed the same land to John Morris for life, remainder to Sally Ann Morris and Henry Morris. The granting clause in said conveyance is in these words, viz: "Do grant, bargain and sell and convey to John Morris, during his natural life, and at his death to Henry Morris and Sally Ann Morris, children of John Morris, by Elizabeth Morris, late Elizabeth Payne, and daughter of Daniel Bowles, Sr., deceased, and if said children should not live until the death of said John Morris, nor leave lawful heirs, in that case, at the death of said Morris, to the children of said Elizabeth Morris by her first husband, John Payne, one hundred and thirty acres of land lying and being, etc."

The surviving children of Mrs. Elizabeth Morris, by her first husband, John Payne, and the descendants of the one who is dead, brought this suit in equity in the Bourbon Circuit Court in October, 1871, against Thomas Shannon and Andrew Skillman, tenants in possession, H. Morris, and Mary Morris, his wife, to recover the one moiety of said 130 acres of land.

After stating the manner in which Mrs. Morris derived title to said land, and referring to the conveyance thereof by herself and husband, John Morris, to Albert Morris, and by him back to John Morris for life, remainder to H. Morris, and Sally Ann Morris, children of said John and Elizabeth, copying from the last named deed the clause by which they are to take the land upon the happening of the event therein provided for, and which has heretofore been copied herein, and making said deeds exhibits, they allege that Elizabeth Morris died very soon after the execution of said deeds; that her daughter, Sally Ann, died soon after she did, in infancy, unmarried and without issue; that John Morris had died before the institution of this suit; and that on the death of Sally Ann Morris in infancy, "and without heirs of" her body, her in-

terest in said 130 acres of land, being an undivided half, vested in the children of Mrs. Elizabeth Morris by her first husband, John Payne, who are the plaintiffs in the suit. They further allege that the deeds from John Morris and wife, to Albert Morris, and from him to John Morris and others, were voluntary conveyances, in the nature of a testamentary devise, or gift; that they were made only a few weeks before the death of Mrs. Elizabeth Morris; that by "lawful heirs" the grantors in said deed meant heirs of the body, or lawful issue; and that the defendants, H. Morris, and Mary, his wife, claim to be owners of, or have some interest in said land under a deed for the same made by John Morris to the said Mary in 1860, and call upon them to assert their claim, pray for a cancelment of said deed, and that one-half of said land be adjudged to them, for an account of rents, and for all proper relief.

Mary Morris, in her answer, which she made a cross-petition against the plaintiffs, and her co-defendants, Shannon & Skillman, controvert the right of plaintiffs to the land under the deed from Albert Morris to John Morris for life, remainder to H. and Sally Ann Morris, and alleges that upon the death of Sally Ann Morris without issue, her interest in remainder in said land under the laws of descent, passed to her father as her heir, and that he, the said John Morris, by deed bearing date October 15, 1860, conveyed his interest in remainder in said land inherited from his daughter, Sally Ann, to said Mary in consideration of one dollar, and natural love and affection, she then being the wife of his son, the said Henry Morris, and filed the deed of the said John Morris to her as an exhibit. She charges that the land is in possession of Shannon & Skillman without right, and prays for partition thereof and that one-half be set apart to her.

Shannon, in his answer which he makes a cross-petition against his vendors, immediate and remote, traces his derivation of title to a judicial sale of the land under decrees of the Bourbon Circuit Court in the consolidated causes of Rogers v. Perry W. Morris et al., McClintock v. The Same, and Colcord v. The Same, and filed transcripts of the records of said suits as exhibits, from which it appears that as early as July 25, 1849, said John Morris and H. Morris sold, by executory contract, the land in controversy to Perry W. Morris for six thousand, five hundred dollars, and bound themselves to convey said land to him on March 1, 1851,

when one-third of the purchase money was to be paid, in the following words: "They, the said John and Henry, do agree and bind themselves to convey to said Perry W. * * * The said John binds himself to convey all the right and interest in and to said tract of land to said Perry W., which he holds in and to the same, in virtue of a deed to himself and others from Albert Morris, bearing date February 17, 1830; he, the said John, is to be no further bound; and the said Henry binds himself to make to the said Perry W. a good and sufficient title to the said tract of one hundred and thirty acres of land, when the said second payment, due at the date aforesaid, shall be made."

Perry W. Morris died before John, and H. Morris conveyed the land to him, and Rogers, McClintock and Colcord, by their suits aforesaid, against his heir and others, subjected said land to sale to satisfy debts which they held against said Perry W. Morris, and for which said John and H. Morris were also bound. The last two, being defendants to said suits, answered separately, and when speaking of said land, John Morris, in his answer, says he admits that he and H. Morris, being the owners of said land, he owning a life estate therein, and said H. Morris owning the land after his death in fee, and also having the legal title thereto, agreed to sell said land, etc.

Skillman also filed an answer which he made a cross-petition against the plaintiffs, Mary Morris, H. Morris, and the several vendors through whom he derives title, and filed copies of their deeds as exhibits; and he and Shannon allege that all the vendors in said deeds conveyed with covenants of general warranty, and pray for appropriate relief against the several parties to their cross-petitions.

The fact that the land had been sold by virtue of the decree of the Bourbon Circuit Court, rendered in the consolidated cases before named, is recited in the deed from John Morris to Mary Morris.

The foregoing abbreviated statement of the pleadings of the various parties to this litigation, presents the nature of their conflicting claims to the land.

On final hearing, the court below adjudged to the plaintiffs, the Paynes, the one-half of the 130 acres of land, and from that judgment H. Morris and Mary, his wife, have appealed, and Skillman & Shannon also prosecute a separate appeal on the same record.

The first question to be settled is whether the plaintiffs in the original petition are entitled to the land.

There is nothing in the deed from Albert Morris to John, Henry and Sally Ann Morris to control, or prevent the court from giving to the words of the clause of the deed under which the plaintiffs claim the land, a literal import and meaning; and that, it seems to us, is the proper mode of arriving at the true meaning of the instrument.

The children of Mrs. Morris by John Payne, her first husband, were to take the estate granted John Morris, and her children by him, on condition that said children, viz., Henry Morris and Sally Ann Morris, should not live until the death of their father, the said John Morris, nor leave lawful heirs at their death. Both these contingencies must happen to entitle appellees to the estate. They do not allege in their petition that they had happened when they instituted their suit; nor could they have made such an allegation, because Sally Ann Morris died leaving her father surviving her; and they cannot now happen because John Morris died leaving Henry Morris surviving him. Consequently the estate cannot, by the terms of the deed, pass to appellee.

The same construction was given to words of the same import by this court in Griffith v. Coleman, 5 J. J. Marsh. 600. In that case, it is true, the instrument construed was a will; but it is not less authoritative on that account.

The conveyances from John Morris and wife to Albert Morris, and from him to John Morris and the children of Mrs. Morris by him, were doubtless in anticipation of the approaching death of Mrs. Morris, and to prevent appellee from taking any part of said land of her children by Morris, if either of them or their descendants survived her husband.

Wherefore the judgment is reversed on the appeal of Henry Morris and his wife, Mary Morris, against William D. Payne and others, and also on the appeal of Shannon & Skillman against the same appellees.

Appellants in both appeals were prejudiced by the judgment rendered in the court below; and the cause is remanded with directions to dismiss the petition of appellees.

As between Morris and wife and Skillman & Shannon, there is no judgment whatever; and until their conflicting claims shall have

been adjudicated upon, and a judgment shall have been rendered in favor of one of the parties against and prejudicial to the other, there is nothing for this court to review, and no jurisdiction attaches to it.

On the return of the cause, the said parties can take such steps in the court below as may be deemed necessary to present their respective claims to the land, and have them finally adjudged in that court.

*Beckenridge, Thornton, for appellants.*

*Johnson, for appellees.*